# UNITED STATES DISTRICT COURT
## Eastern District of California

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| **DERRICK JAMES KENNEDY** | Criminal Number: **2:09CR00488-1** |
| | Defendant's Attorney: Douglas J. Beevers, Assistant Federal Defender |

**THE DEFENDANT:**

[✓]  admitted guilt to violation of charges   1 amd 2   as alleged in the violation petition filed on   1/24/2013  .

[ ]  was found in violation of condition(s) of supervision as to charge(s) ___ after denial of guilt, as alleged in the violation petition filed on ___.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Date Violation Ended |
|---|---|---|
| 1 | NEW LAW VIOLATION | April 1, 2025 |
| 2 | NO CONTACT WITH MINORS | April 1, 2025 |

The court:   [✓] revokes:   [ ] modifies:   [ ] continues under same conditions of supervision heretofore ordered on   4/3/2025  .

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  Charge(s) ___ is/are dismissed.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**1/6/2026**
Date of Imposition of Sentence

*/s/ John A. Mendez*
Signature of Judicial Officer

**John A. Mendez**, Senior U. S. District Judge
Name and Title of Judicial Officer

1/7/2026
Date

AO 245B-CAED (Rev. 09/2019) Sheet 2 - Imprisonment

DEFENDANT: **DERRICK JAMES KENNEDY**  
CASE NUMBER: **2:09CR00488-1**

Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: <u>6 months</u>.

[ ]  No TSR: Defendant shall cooperate in the collection of DNA.

[ ]  The court makes the following recommendations to the Bureau of Prisons:

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district
    [ ] at ___ on ___.
    [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before ___ on ___.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Officer.
If no such institution has been designated, to the United States Marshal for this district.

[ ]  Other, Please Specify:

## RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____  
United States Marshal

_____  
By Deputy United States Marshal

DEFENDANT: **DERRICK JAMES KENNEDY**
CASE NUMBER: **2:09CR00488-1**

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:
<u>108 months</u>.

## MANDATORY CONDITIONS

You must not commit another federal, state or local crime.
You must not unlawfully possess a controlled substance.
You must refrain from any unlawful use of controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two (2) periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ] The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.

[ ] You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

[✓] You must cooperate in the collection of DNA as directed by the probation officer.

[ ] You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

[ ] You must participate in an approved program for domestic violence.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B-CAED (Rev. 09/2019) Sheet 3 - Supervised Release

DEFENDANT: **DERRICK JAMES KENNEDY**  
CASE NUMBER: **2:09CR00488-1**

Page 4 of 6

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by the probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B-CAED (Rev. 09/2019) Sheet 3 - Supervised Release

DEFENDANT: **DERRICK JAMES KENNEDY**  Page 5 of 6
CASE NUMBER: **2:09CR00488-1**

## SPECIAL CONDITIONS OF SUPERVISION

1. You must submit your person, property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer or any law enforcement officer at any time, based upon reasonable suspicion of unlawful conduct or a violation of a condition of supervision, without a search warrant. Failure to submit to a search may be grounds for revocation. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

2. You must participate in an outpatient mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

3. You must consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon you. This includes any activities in which you are acting as a technician, advisor, or consultant with or without any monetary gain or other compensation.

4. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer in advance. You must not loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18. This includes that you do not engage in any occupation, either paid or volunteer, that causes you to regularly contact known persons under the age of 18. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

5. You must not communicate or otherwise interact with M.W., either directly or through someone else, without first obtaining the permission of the probation officer.

6. Your residence must be pre-approved by the probation officer. You must not reside in direct view of places such as school yards, parks, public swimming pools, or recreational centers, playgrounds, youth centers, video arcade facilities, or other places primarily used by children under the age of 18.

7. You shall not enter, visit, or be present at any place whose primary purpose is to sell, rent, show, display, or give other forms of access to, material depicting and/or describing sexually explicit conduct as defined in 18 U.S.C. § 2256(2).

8. You must not possess, own, use, view, or read any material depicting and/or describing sexually explicit conduct involving adults or children, including computer images, pictures, photographs, books, writings, drawings, videos, or video games. "Sexually explicit conduct" as defined in 18 U.S.C. § 2256(2) means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

9. You must attend, cooperate with, and actively participate in a sex offender treatment and therapy program [which may include, but is not limited to, risk assessment, polygraph examination, and/or Visual Reaction Treatment]. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

10. You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

11. You must not possess or use a computer or any device that has access to any "on-line computer service" unless approved by the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

12. You must consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of (a) any computer, or (b) computer-related device, or (c) equipment that has an internal or external modem that is connected to the internet which is in your possession or control. You must consent to retrieval and copying of all data from any such computer, computer-related device, or equipment as well as any internal or external peripherals to ensure compliance with this condition. You consent to removal of such computer, computer-related device, and equipment for purposes of conducting a more thorough inspection, and analysis.

13. You must consent to having installed on any internet-connected computer, computer-related device, and equipment, at your expense, any hardware or software systems to monitor the use of such computer, computer-related device, and equipment, and agree not to tamper with such hardware or software and not install or use any software programs designed to hide, alter, or delete your computer activities. You consent to not installing new hardware without the prior approval of the probation officer.

AO 245B-CAED (Rev. 09/2019) Sheet 3 - Supervised Release

DEFENDANT: **DERRICK JAMES KENNEDY**     Page 6 of 6
CASE NUMBER: **2:09CR00488-1**

14. You must participate in a co-payment plan for treatment, testing and/or medication and shall make payment directly to the vendor under contract with the United States Probation Office. Your co-payment will be determined utilizing a Sliding Fee Scale based upon your disposable income.